**Mercy Magaly LOPEZ–RAMIREZ, a.k.a. Mercy Magaly Galan–Lucero, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 09–5333–ag.

United States Court of Appeals, Second Circuit.

Jan. 4, 2011.

Howard L. Baker, Wilens & Baker, P.C., New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Allen W. Hausmam, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, ROBERT A. KATZMANN, PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Mercy Magaly Lopez–Ramirez, a native and citizen of Ecuador, seeks review of a December 1, 2009, order of the BIA denying her motion to reconsider. *In re Mercy Magaly Lopez–Ramirez*, No. A094 770 521 (B.I.A. Dec. 1, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (per curiam). A motion to reconsider must "state the reasons for the motion by specifying the errors of fact or law in the prior Board

decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1).

In this case, the BIA did not abuse its discretion in finding that Lopez–Ramirez failed to point to any legal or factual error in its prior decision. *See id.* Indeed, as the BIA concluded, contrary to Lopez–Ramirez's contention in her motion, it had reasonably found that the medical evidence she presented to demonstrate that she had suffered from a stroke did not establish that she had suffered any memory loss that would explain the significant discrepancies and omissions between her credible fear interview, asylum application, and testimony, on which the agency relied in finding her not credible. Thus, the BIA did not abuse its discretion in denying her motion to reconsider its affirmance of the immigration judge's adverse credibility determination. *See Jin Ming Liu,* 439 F.3d at 111; 8 C.F.R. § 1003.2(b)(1).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).